UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ryan Keith Stills,                                      Case No. 1:25-cv-2479

                Petitioner,

      v.                                              MEMORANDUM OPINION
                                          AND ORDER

Warden Stephen Reynolds,

                Respondent.

On November 14, 2025, Kathryn Kahn Stills filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on behalf of Ryan Keith Stills.  (Doc. No. 1).  Kathryn indicates that she is the wife of Stills, the petitioner, and she signed the Petition on behalf of Stills as "DPOA."  (*Id.* at 2, 9).  Kathryn subsequently filed an "emergency" motion for Stills's immediate release.  (Doc. No. 2).

The Petition indicates that Stills, who is currently incarcerated at Lake Erie Correctional Institution, is challenging his conviction and sentence in state court.  (*See* Doc. No. 1).  It appears that Stills was initially convicted in the Lake County, Ohio Court of Common Pleas and later arrested for violating the terms of his community control.  On April 28, 2025, the state court terminated Stills's community control sanctions and sentenced him to 21 months in prison.  *See State of Ohio v. Stills*, No. 21CR000943 (Lake Cnty. C.P.).  On June 30, 2025, the state court of appeals dismissed Petitioner's appeal.  *Id.*

As an initial matter, Kathryn cannot represent Stills in this Court.  A party may plead and conduct his or her case in person or through a licensed attorney.  *See* 28 U.S.C. § 1654.  The statute, however, "does not permit plaintiffs to appear *pro se* where interests other than their own are at

stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citation omitted). This statute, therefore, does not allow for an unlicensed layperson to represent anyone in federal court other than himself or herself. *See id.* at 970-71.

The fact that Kathryn may have a power of attorney for Stills does not change this result. *See J.M. Huber Corp. v. Roberts*, No. 88-6160, 1989 WL 16866, at *1 (6th Cir. Feb. 17, 1989); *Barkley v. PennyMac Loan Servs., LLC*, No. 1:24-CV-01227-STA-JAY, 2024 WL 5315117, at *3 (W.D. Tenn. Nov. 25, 2024), *report and recommendation adopted,* No. 1:24-CV-1227-STA-JAY, 2024 WL 5145501 (W.D. Tenn. Dec. 17, 2024) (citing cases). Here, Stills did not sign the Petition. Without his signature or the signature of a licensed attorney, the case is not properly before the Court.

Furthermore, even if this case could proceed without Stills's signature, Stills's cannot proceed under § 2241. Stills is a convicted state prisoner. Title 28 U.S.C. § 2254 is the exclusive vehicle for challenging a state court conviction or sentence. *See, e.g., Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001). And I may not convert a § 2241 petition to one filed under § 2254 because a § 2254 petition is subject to the restrictions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Warren v. Miller*, No. 1:05-CV-651, 2005 WL 3007107, at *3 (W.D. Mich. Nov. 9, 2005) (dismissing petition for writ of habeas corpus brought by state prisoner under § 2241 without prejudice, rather than converting it to a petition for writ of habeas corpus brought pursuant to § 2254)).

Accordingly, I deny the petition for a writ of habeas corpus pursuant to § 2241, deny the motion for immediate release, and dismiss this action without prejudice. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge