UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Ryan Keith Stills, by next friend, wife
and attorney-in-fact Kathryn Khan Stills,                    Case No. 1:25-cv-2479

                    Petitioner,

            v.                                               MEMORANDUM OPINION
                                                                    AND ORDER

Warden Stephen Reynolds,

                    Respondent.


On November 14, 2025, Kathryn Kahn Stills filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on behalf of Ryan Keith Stills.  (Doc. No. 1).  Kathyrn indicated that she is the wife of Stills, the purported petitioner, and she signed the Petition on behalf of Stills as "DPOA."  (*Id.* at 2, 9).  Kathryn subsequently filed an "emergency" motion for Stills's immediate release.  (Doc. No. 2).  I denied the motion and dismissed the case because Kathryn, as an unlicensed layperson, cannot represent another person in federal court and because a 28 U.S.C. § 2241 petition – which Kathryn filed – cannot be used to challenge the conviction and sentence of a state court prisoner.  (Doc. No. 3).

Kathryn filed a motion for reconsideration, arguing I committed a clear error of law in not concluding that Stills' state-court sentence is void ab initio, in failing to appoint counsel, and in failing to permit Kathryn to file and litigate the case on Stills' behalf as a reasonable accommodation due to Stills' disability.  (Doc. No. 5).

Federal law provides two methods for a party to challenge a court's final order.  Rule 59(e) states that a party must file a motion to alter or amend a judgment within 28 days of the entry of the

judgment.  Fed. R. Civ. P. 59(e).  The party filing a Rule 59(e) motion must demonstrate there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006).

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).  A party "seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

I deny Kathryn's motion for reconsideration because she cannot satisfy the grounds for relief under either Rule.  Federal law does not permit an unlicensed layperson to "'appear on another person's behalf in the other's cause.'"  *See Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1999)).  Moreover, federal law does not permit me to convert a § 2241 petition to one filed under 28 U.S.C. § 2254 because a § 2254 petition is subject to the restrictions of the Antiterrorism and Effective Death Penalty Act.  *See Warren v. Miller*, No. 1:05-CV-651, 2005 WL 3007107, at *3 (W.D. Mich. Nov. 9, 2005) (dismissing petition for writ

of habeas corpus brought by state prisoner under § 2241 without prejudice, rather than converting it to a petition for writ of habeas corpus brought pursuant to § 2254)).

Accordingly, I deny the motion for reconsideration.  Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge